UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BROTHERS PETROLEUM, LLC, ET AL. | CIVIL ACTION |
| VERSUS | NO. 25-328 |
| STARSTONE SPECIALTY INSURANCE COMPANY | SECTION R (3) |

## ORDER AND REASONS

Before the Court is the parties' joint motion to bifurcate the issues in this case and continue trial and all unexpired deadlines.[1] The parties seek to bifurcate the threshold notice issues from the remaining issues of fact and damages because resolving the notice issues may dispose of the case entirely. And the parties seek a continuance because, despite their diligence, they have been unable to inspect some of the properties at issue. For the following reasons, the Court grants the motion.

## I. BACKGROUND

This case arises out of property damage to 50 properties from Hurricane Ida. The properties, owned by plaintiff Brothers Petroleum, LLC ("Brothers"), consist of multi-unit commercial and residential buildings that

[1] R. Doc. 43.

were allegedly damaged by Hurricane Ida on August 29, 2021.[2] Brothers had an insurance policy covering the properties with defendant StarStone Specialty Insurance Company ("StarStone").[3]

Brothers filed a claim with StarStone, but StarStone denied the claim in January 2024.[4] StarStone contends that Brothers' claims were not timely made under the terms of the policy, which Brothers disputes.[5] On December 30, 2024, Brothers and several related entities sued StarStone in the 24th Judicial District Court for the Parish of Jefferson, alleging breach of the insurance contract.[6]

On February 14, 2025, StarStone removed the case to this Court on diversity jurisdiction grounds under 28 U.S.C. §§ 1332 and 1446.[7] On March 24, 2026, the parties attended a scheduling conference to set pretrial deadlines and trial dates.[8] The Court then issued a scheduling order setting November deadlines for expert reports; a December 8, 2026 deadline for discovery; and a February 22, 2027 trial date.[9] In May 2026, the parties

---

2 R. Doc. 1-1.
3 *Id.*
4 *Id.* at 7.
5 *Id.*
6 R. Doc. 1-1.
7 R. Doc. 1.
8 R. Doc. 16.
9 R. Doc. 19.

submitted a Rule 26(f) discovery plan, which the Magistrate Judge approved.[10] In the plan, the parties agreed that discovery would be structured to address the coverage issues before engaging in discovery regarding the extent of the damage and losses to the properties at issue.[11]

On October 14, 2026, the parties filed this joint motion to bifurcate the coverage issues from the remaining issues of fact and to continue the trial date and all unexpired pretrial deadlines.[12] Specifically, the parties ask the Court to (1) bifurcate the coverage issues on notice from the remaining issues of fact, (2) maintain the December 8, 2026 deadline for dispositive motions on coverage and set a briefing schedule for defendant's motion for summary judgment, (3) convert the current February 22, 2027 trial date to a hearing date for defendant's motion for summary judgment, and (4) continue the remaining pretrial deadlines and set a new trial date pending the Court's resolution of the coverage issue.[13] The parties specified the nature of the notice issues in a joint memorandum ("the joint memorandum"), which specified eleven Factual Issues and four Legal Issues.[14]

---

10 R. Docs. 24; 26.
11 R. Doc. 24.
12 R. Doc. 43.
13 *Id.* at 10.
14 R. Doc. 45.

On November 12, 2026, the Court held a status conference on the parties' motion.[15] The Court then issued an order requiring the parties to provide a joint filing on the matters discussed at the status conference.[16] On November 20, 2026, the parties jointly filed a submission providing that (1) they amended Factual Issue Number Seven from the joint memorandum; (2) they agreed that the notice issues were not intertwined with the material issues in the remainder of the action; (3) they knowingly and voluntarily waived their right to a jury trial on the notice issues as provided in the joint memorandum; (4) they consented to a bench trial on the notice issues, to be conducted on a written record submitted by the parties for the Court's consideration; and (5) they consented to convert the existing February 22, 2027, trial date to the date for oral argument on the written record.[17]

The Court considers the motion below.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 42(b), a district court "may order a separate trial" of any issue or claim "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed R. Civ. P. 42(b); *see also*

15 R. Doc. 47.
16 R. Doc. 48.
17 R. Doc. 49.

*Conkling v. Turner*, 18 F.3d 1285, 1293 (5th Cir. 1994). The Rule leaves the decision to order the separation of a particular issue in the sound discretion of the Court. *See id.*

That said, "separate trials should be the exception, not the rule." *Laitram*, 791 F. Supp. at 114; *see also McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 (5th Cir. 1993) ("Separation of issues, however, is not the usual course that should be followed."). Indeed, "the Fifth Circuit has . . . cautioned district courts to bear in mind before ordering separate trials in the same case that the 'issue to be tried [separately] must be so distinct and separable from the others that a trial of it alone may be had without injustice.'" *Laitram*, 791 F. Supp. at 115 (quoting *Swofford v. B & W, Inc.*, 336 F.2d 406, 415 (5th Cir. 1964)). In sum, courts must consider the justifications for bifurcation in relation to the facts of the individual case, giving particular consideration to the avoidance of prejudice, in order to determine if a separate trial is appropriate. *See Laitram*, 791 F. Supp. at 114–15 (noting that, when determining whether to bifurcate, a court "must balance the equities" and "exercise its discretion on a case-by-case basis").

Rule 16(b) of the Federal Rules of Civil Procedure provides that "[a] scheduling order may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause standard requires the

party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enter., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003). Whether to grant or deny a continuance is within the sound discretion of the trial court. *United States v. Alix*, 86 F.3d 429, 434 (5th Cir. 1996).

## III. DISCUSSION

The Court finds that bifurcating the issues here achieves the purposes of Rule 42(b). The notice issues are a threshold matter: if there was not sufficient notice, the parties and the Court will not need to engage in fact-intensive discovery and trial of damages to the 50 properties at issue. And the parties have stated that the notice issues can be resolved collectively for all of the claimed losses, without a separate analysis as to each property.[18] Thus, bifurcation would "expedite and economize" the proceedings. Fed. R. Civ. P. 42(b). Further, bifurcation will not prejudice the parties. As the parties have confirmed, the notice issues are distinct and separable from the issues concerning the damage to the properties, and the parties have waived their right to a jury trial on the notice issues.[19] Accordingly, bifurcation is proper here under Rule 42(b).

---

[18] R. Doc. 45 at 5.

[19] R. Doc. 49 at 1.

The Court also finds that there is good cause to continue the second trial and all unexpired deadlines in the Scheduling Order. The record reflects that the parties have diligently pursued discovery since the approval of the Rule 26(f) discovery plan. The parties have issued and responded to multiple subpoenas and have engaged in depositions.[20] But because the new owners of some of the properties have refused to voluntarily permit their inspection, the parties will be unable to comply with the current deadlines in the Scheduling Order.[21] Thus, there is good cause to continue the date of the second trial and all unexpired deadlines in the Scheduling Order.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion to bifurcate and continue. Accordingly, the trial will be bifurcated, first dealing only with the notice issues identified in the joint memorandum, as modified by the parties' joint stipulation.[22] The Court will hold a bench trial on the notice issues, to be decided on a written record, jointly submitted by the parties for the Court's consideration. The evidentiary record will consist of the parties' agreed upon exhibits, the plaintiffs' exhibits, and the defendant's exhibits,

---

20 R. Doc. 43 at 3–4.
21 *Id.* at 7.
22 R. Doc. 49.

submitted and identified in that order. The exhibits must be numbered and Bates-stamped consecutively (e.g., "Joint Exhibit 1, [Bates Page Range]").

The parties must meet and confer no later than January 6, 2027, to compile the stipulated record. The record must be submitted with the parties' opening trial memoranda.

The parties must file and exchange opening trial memoranda as follows:

- Plaintiffs must file an opening trial memorandum stating (1) the burden of proof applicable to plaintiffs' claims; (2) the legal standard applicable to the notice issues, with citations to Fifth Circuit, Supreme Court, or state law authority, as applicable; (3) the facts and arguments they contend substantiate their claims, with an identification of the evidence they rely on to prove each factual contention, including reference to specific exhibit and page numbers in the record; and (4) citations to legal authorities supporting each contention of law.
- Defendant must file an opening trial memorandum stating (1) the defenses it asserts on the notice issues and the legal standard governing each defense, with citations to Fifth Circuit, Supreme Court, or state law authority, as applicable; (2) the facts and

arguments it contends substantiate each defense, with an identification of the evidence it relies on to prove each factual contention, including references to specific exhibit and page numbers in the record; and (3) citations to legal authorities supporting each contention of law.

- The parties must file and exchange these memoranda on January 13, 2027. They are limited to 20 pages each.

The parties must file opposition memoranda as follows:

- Opposition memoranda must cite applicable legal authority in support of each contention of law and specific record evidence by exhibit and page number for each factual contention.
- Opposition memoranda must be filed and exchanged on January 27, 2027. They are limited to 20 pages each.

The parties must file any reply memoranda as follows:

- Reply memoranda may not raise new factual or legal issues.
- Reply memoranda must be filed and exchanged on February 5, 2027. They are limited to seven pages each.

The Court will hold oral argument on February 22, 2027, at 10:30 a.m.

Further, the Court continues the trial on the remaining issues and all other unexpired deadlines in the Scheduling Order to be reset at a scheduling conference held BY TELEPHONE on December 10, 2026 at 10:00 a.m. The parties shall call in for the teleconference using phone number (833) 990-9400, Access Code: 124518418. The Court will be represented by its Case Manager at the scheduling conference. The Scheduling Order shall not provide that proceedings are stayed pending resolution of the notice issues.

New Orleans, Louisiana, this 23rd day of November, 2026.

Sarah Vance

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE